UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| SENECA INSURANCE COMPANY, INC., | ) |
| Plaintiff, | ) 3:14-cv-00381-LRH-WGC |
| v. | ) ORDER |
| STRANGE LAND, INC. and U.S. BANK, NATIONAL ASSOCIATION; and DOES 1 through 10, inclusive, | ) |
| Defendants. | ) |

Before the Court is Defendant Strange Land, Inc.'s ("Strange Land") Motion to Dismiss. Doc. #14.[1] Plaintiff Seneca Insurance Company, Inc. ("Seneca") filed an Opposition (Doc. #20), to which Strange Land Replied (Doc. #24). Also before the Court is Defendant U.S. Bank National Association's ("U.S. Bank") Motion to Dismiss. Doc. #25. Seneca filed an Opposition (Doc. #31), to which U.S. Bank Replied (Doc. #35). Seneca also filed Motions to Amend the Complaint Pursuant to Federal Rule of Civil Procedure 15(a). Doc. #21; Doc. #32. Defendants filed Oppositions (Doc. #27; Doc. #34), to which Seneca Replied (Doc. #28; Doc. #36).

**I.     Facts and Procedural Background**

Strange Land is the owner of a building located at 210 North Sierra Street in Reno, Nevada ("the premises"). Doc. #1 ¶8. In early 2013, Seneca issued a Commercial Property Insurance Policy ("the Policy") to Strange Land for the premises, to be effective February 28, 2013, to February 28, 2014. *Id.* The Policy covered all risk of loss to property at the premises, subject to terms and conditions, and set a limit of coverage at $2 million. *Id.* ¶9. U.S. Bank

---

[1] Refers to the Court's docket entry number.

holds a mortgage on the premises and Seneca states that the bank is listed as a loss payee on the Policy. *Id.* ¶10.

During the Policy period, Strange Land made four claims for damage under the Policy: (1) on May 4, 2013, Strange Land notified Seneca that a back-up of a sewer/drain caused damage to a bathroom fixture; (2) on November 11, 2013, Strange Land notified Seneca that a rupture in a water feed pipe connected to a boiler caused water damage to the premises in excess of $1 million; (3) on December 11, 2013, Strange Land notified Seneca that some of the building's plumbing lines ruptured, causing water flow and damage to the premises; (4) on February 25, 2014, Strange Land notified Seneca of damages caused by vandalism in the form of scratches or etching on the ground floor exterior doors and windows. *Id.* ¶¶11-14. After investigating the claims, Seneca disclaimed coverage for the losses on July 18, 2014, and rescinded the Policy due to material misrepresentation and fraud by Strange Land in its application for the policy, and after Seneca granted the Policy. *Id.* ¶15.

Specifically, Seneca alleges that while Seneca was investigating the Policy application, Strange Land did not reveal that another insurer had cancelled a previous insurance policy for the premises. *Id.* ¶17. Seneca states that this misrepresentation was made with the intent of defrauding Seneca, and that it would not have issued the Policy if it had knowledge of this information. *Id.* ¶¶21-25, 28. Additionally, when Strange Land failed to timely respond to the underwriting recommendations and requirements, Seneca issued a cancellation of the policy—effective July 10, 2013. *Id.* ¶38. After receiving notice of the cancellation, Strange Land returned the requested questionnaire to Seneca, representing that the kitchen and safety equipment had been reviewed and approved. *Id.* In reliance on Strange Land's representations, Seneca reinstated the Policy on June 12, 2013. *Id.* ¶39. Seneca alleges that it learned based on its subsequent investigations that the representations made by Strange Land to reinstate the policy were false, and that Seneca would not have reinstated the Policy in the absence of the false representations. *Id.* ¶¶41-42.

The Complaint alleges five causes of action against Defendants: (1) rescission based on fraud prior to issuance of the policy; (2) rescission based on fraud after the policy was issued; (3)

1 breach of insurance contract and declaratory judgment; (4) for declaratory judgment; and (5)
2 breach of contract and declaratory judgment.

3 **II.     Legal Standard**

4   Strange Land and U.S. Bank seek dismissal for failure to state a claim upon which relief
5 can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to
6 dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure
7 8(a)(2) notice pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103
8 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim
9 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The 8(a)(2) pleading
10 standard does not require detailed factual allegations, but a pleading that offers "'labels and
11 conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.
12 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
13 555 (2007)).

14   To satisfy the plausibility standard, 8(a)(2) requires a complaint to "contain sufficient
15 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*
16 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual
17 content allows the Court to draw the reasonable inference, based on the Court's "judicial
18 experience and common sense," that the defendant is liable for the misconduct alleged. *See id.* at
19 678-79. The plausibility standard "is not akin to a probability requirement, but it asks for more
20 than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts
21 that are merely consistent with a defendant's liability, it stops short of the line between
22 possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks
23 omitted).

24   In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
25 true. *Id.* The "factual allegations that are taken as true must plausibly suggest an entitlement to
26 relief, such that it is not unfair to require the opposing party to be subjected to the expense of
27 discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).
28 Moreover, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the

3

1 elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

Moreover, claims that are grounded in fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). Rule 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). An allegation of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Averments of fraud must be accompanied by "'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso*, 637 F.3d at 1055 (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

Before trial, a party can amend its complaint twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 15(a)(1). The Court can also grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). If the court grants a motion to dismiss, "[t]he standard for granting leave to amend is generous." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990). The Court will generally only decline to grant leave to amend if the party opposing amendment shows "bad faith, undue delay, prejudice to the opposing party, futility of amendment," or that the plaintiff has previously amended the complaint without healing its defects. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).

4

### III. Discussion

The Court first addresses Seneca's Motions to Amend because granting said motions would render Defendants' Motions to Dismiss moot. *See Witt v. Hampton & Hampton*, No. 2:13-cv-2344, 2014 WL 4854302, at *1 (D. Nev. Sept. 29, 2014) (denying defendant's motion to dismiss as moot where the court granted plaintiff's motion to amend). Seneca submitted two separate Motions to Amend, and pursuant to the Local Rule, submitted proposed amended complaints ("PAC") along with each motion. D. Nev. R. 15-1(a). This presented the Court with two separate PACs—one as to each Defendant—whereas Seneca originally filed a single Complaint that addressed both Defendants. The Court considers each PAC in turn.

#### A. Strange Land

Seneca argues that it is entitled to amend its Complaint under Rule 15(a)(2), which states that a plaintiff is entitled to amend a pleading without consent of the other party "when justice so requires." Doc. #21 at 2. Seneca adds that an amended complaint would not be futile or cause undue prejudice, and is not sought in bad faith. *Id.* at 3. Strange Land argues that the Court should deny the Motion to Amend because any amendment would be futile in light of the fact that Seneca cannot plead its claims to state a plausible claim for relief, or with the level of particularity required by Rule 9(b). Doc. #27 at 4.

Seneca has stated that its PAC as to Strange Land "does not include any additional causes of action against Defendants, but instead simply clarifies some of these causes of action." Doc. #21 at 3. The Ninth Circuit has approved of amendment in similar situations, stating that "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Although district courts have discretion regarding whether to grant leave to amend, such leave should be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave to amend should be denied, however, if the nonmoving party shows that amendment is plagued by factors "such as undue delay, bad faith . . . on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

1  opposing party . . . , futility of amendment, etc." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d
2  1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
3        Strange Land has not shown that Seneca's Motion to Amend as to Strange Land must be
4  denied based on futility, bad faith, or undue prejudice.  Specifically, Strange Land's argument
5  that amendment would be futile fails because Seneca's PAC pleads additional facts and details
6  regarding Strange Land's alleged misrepresentations and fraud.  For example, the PAC pleads
7  more detail regarding the specifics of Strange Land's misrepresentations after the Policy was
8  approved, and the damage caused by Strange Land's failure to maintain the premises in violation
9  of the Policy, among other additions.  *See* Doc. #21, Ex. B ¶¶47-50, 54-56.  Accordingly, the
10 Court grants Seneca's Motion to Amend and orders that Seneca file its PAC as to Strange Land
11 within fourteen days.  *See* D. Nev. R. 15-1(b).
12       The Court need not resolve Strange Land's Motion to Dismiss because it granted
13 Seneca's Motion to Amend.  *See Witt*, 2014 WL 4854302, at *1 (denying defendant's motion to
14 dismiss as moot where the court granted plaintiff's motion to amend); *Woodson v. Bank of Am.*,
15 No. 2:10-cv-1359, 2011 WL 2135404, at *1 n.1 (D. Nev. May 31, 2011) ("Because the Court
16 grants Plaintiff's Motion to Amend here, the Motion to Dismiss, based upon Plaintiff's original
17 Complaint, is denied as moot.").  Accordingly, the Court denies Strange Land's Motion to
18 Dismiss as moot.
19       **B.     U.S. Bank**
20       U.S. Bank filed its Motion to Dismiss Seneca's Complaint one month after Strange Land,
21 and two weeks after Seneca filed its Amended Motion to Amend its Complaint.  Doc. #21; Doc.
22 #25; Doc. #32.  As a result, Seneca filed a separate Motion to Amend the Complaint as to U.S.
23 Bank—accompanied by a PAC as to U.S. Bank—one month after it filed the PAC as to Strange
24 Land.  Having determined that the PAC as to Strange Land alleged enough additional facts to
25 show that amendment as to Strange Land would not be futile, the Court now considers the PAC
26 as to U.S. Bank.  Doc. #32, Ex. C.
27       U.S. Bank argues that the Court should deny Seneca's Motion to Amend because
28 Seneca's PAC still fails to meet the plausibility and particularity requirements as to U.S. Bank,

and any amendment would therefore be futile.  Doc. #34 at 4.  U.S. Bank argues that amendment of the first claim against it for rescission based on fraud would be futile because Seneca pointed to no evidence to support the claim that U.S. Bank knew of the cancellation of the prior insurance policy, and that even assuming this was pleaded, Seneca did not plead that U.S. Bank was under a duty to disclose.  *Id.* at 5-6.  U.S. Bank argues that amendment of the second cause of action for rescission based on fraud after the policy was issued would be futile because the PAC failed to allege "specific violations by U.S. Bank of the mortgageholder clause to void the coverage provided to Strange Land's lender."  *Id.* at 8.  U.S. Bank argues that amendment to the third cause of action for breach of insurance contract through fraud and misrepresentation would be futile because the PAC does not allege that U.S. Bank failed to comply with its disclosure obligations.  *Id.* at 9.  U.S. Bank argues that amending the fourth cause of action for declaratory relief regarding the insurance contract would be futile because Seneca has not claimed that the exclusions for "wear and tear" or "decay" applied to U.S. Bank rather than just Strange Land.  *Id.* at 10.  Finally, U.S. Bank argues that amending the fifth cause of action for declaratory relief regarding breach of contract would be futile because the PAC does not allege that U.S. Bank was involved in claims handling, as required to impose liability upon U.S. Bank under this claim.

The first cause of action for rescission based on fraud states that U.S. Bank knew about Strange Land's insurance history "but never informed SENECA of the prior cancellations."  Doc. #32, Ex. C ¶28.  The PAC also pleads that U.S. Bank owed Seneca a duty to disclose and purposefully concealed its knowledge about the prior insurance policies.  *Id.* ¶¶29-30.  The U.S. Bank PAC does not state any names, dates, or other information to illuminate the specifics of this claim.  The PAC does not state any facts to support Seneca's second cause of action for rescission based on fraud after the policy was issued.  In its third cause of action for breach of insurance contract through fraud and misrepresentation, Seneca alleges that U.S. Bank concealed information about the premises' insurance history from Seneca.  *Id.* at ¶50.  Despite presumably referring to U.S. Bank as an agent of Strange Land, the third cause of action states no other claims directly against U.S. Bank, and certainly does not refer to any specifics regarding U.S. Bank's alleged misrepresentations.  The fourth cause of action for declaratory relief regarding the

insurance contract does not state any facts to indicate that U.S. Bank is responsible for the wear and tear that Seneca argues voids the insurance contract.[2] The fifth cause of action for declaratory relief regarding breach of contract states that U.S. Bank materially breached the contract because it knew of prior cancellations of insurance policies on the premises, but did not disclose this information to Seneca. *Id.* ¶¶64-65.

As currently drafted, the PAC as to U.S. Bank does not meet the plausibility and particularity requirements to state a claim against U.S. Bank. District courts are instructed to grant motions to amend with "extreme liberality." *Morongo Band of Mission Indians*, 893 F.2d at 1079. However, district courts have discretion to deny a motion to amend if "the motion offers no new set of facts or legal theory, or fails to state a cognizable claim." *Ashcraft v. White Pine Cnty. Hosp. Dist.*, No. 3:11-cv-0383, 2012 WL 961257 at *2 (D. Nev. Mar. 21, 2012) (citing *Gardner v. Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009)). The Court finds that while the PAC attached to Seneca's Motion to Amend as to U.S. Bank adds some allegations regarding U.S. Bank, these modifications are largely superficial, and do not state additional substantive facts that could support a claim for relief against U.S. Bank, especially for the causes of action alleging fraud, which must meet the heightened pleading requirement of Rule 9(b).

Due to the deficiencies in Seneca's PAC as to U.S. Bank, the Court finds that amendment is futile, and denies Seneca's Motion to Amend. The Court notes, however, that none of the other factors that indicate that a motion to amend should be denied are present, and that this is Seneca's first motion to amend the complaint. *See Corinthian Colls.*, 655 F.3d at 995. The Court therefore grants U.S. Bank's Motion to Dismiss, but does so without prejudice.[3]

---

[2] Additionally, U.S. Bank notes that a provision in the Policy states that even if Seneca denies a claim by Strange Land for failure to comply with the Policy, "the mortgageholder will still have the right to receive loss payment" so long as certain conditions are met: the mortgage holder must (1) pay any premium due under the policy; (2) submit a sworn proof of loss within sixty days of receiving notice; and (3) notify Seneca of any known change in ownership, occupancy, or risk. Doc. #34 at 3-4; Doc. #36 at 9. The PAC does not allege that U.S. Bank failed to fulfill these conditions.

[3] If Seneca is unable to file a Complaint that pleads plausible claims against U.S. Bank more sufficiently than the PAC attached to Seneca's Motion to Amend, or with particularity for those claims that are based in fraud, then the Court will grant a subsequent Motion to Dismiss with prejudice as to the improperly pleaded causes of action.

3:14-cv-00381-LRH-WGC

12/22/14

*See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (noting that dismissal for failure to plead with specificity "would necessarily be without prejudice."); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) ("As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice."); *Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*, 268 F.3d 1133, 1137 (9th Cir. 2001) ("Where counsel is able to posit possible amendments that would be consistent with the operative complaint and could also possibly state a claim for relief, the complaint should not be dismissed on its face with prejudice.").

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Seneca's Amended Motion to Amend as to Strange Land (Doc. #21) is GRANTED.  Seneca's previous Motion to Amend (Doc. #17) is DENIED as moot.

IT IS FURTHER ORDERED that Strange Land's Motion to Dismiss (Doc. #14) is DENIED as moot.

IT IS FURTHER ORDERED that Seneca's Motion to Amend as to U.S. Bank (Doc. #32) is DENIED.

IT IS FURTHER ORDERED that U.S. Bank's Motion to Dismiss (Doc. #25) is GRANTED without prejudice.

IT IS FURTHER ORDERED that Seneca shall file its amended complaint within fourteen (14) days of this Order.

IT IS SO ORDERED.

DATED this 19th day of December, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE